IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5: 10-CT- 3140-FL

| | | |
|---|---|---|
| CHRISTOPHER M. OXENDINE-BEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE CORRECTIONAL | ) | |
| INSTITUTION; CORRECTIONAL | ) | |
| OFFICER VIRGIL HOGGARD; | ) | |
| SERGEANT JOHN HUDSON; | ) | |
| SERGEANT JANE DANCE; | ) | |
| ASSISTANT UNIT MANAGER W. | ) | |
| BECKER; UNIT MANAGER L. M. | ) | |
| GILLIAM; NURSE JANE SWAIN; | ) | |
| NURSE JANE SMITHWITH; and | ) | |
| SUPERINTENDENT RENOICE E. | ) | |
| STANCIL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's failure to achieve timely service as to several defendants, along with plaintiff's motion styled as "Motion for Extension of Time and Motion Request to Receive Documents From the Court as an Indigent Person" (DE #39). Also before the court are matters pertaining to scheduling, along with motion for protective order made by several defendants (DE #40). The court takes up each of the issues raised for decision, in turn, below.

STATEMENT OF THE CASE

Plaintiff's complaint, filed July 29, 2010, states various constitutional claims regarding the conditions of plaintiff's confinement. Defendant Bertie Correctional Institution was dismissed from

the action on November 24, 2010. The record reflects that defendants W. Becker ("Becker"), Jane Dance ("Dance"), John Hudson ("Hudson"), and Renoice E. Stancil ("Stancil") were served with summons and complaint on January 6, 2011, and filed answer to complaint on March 22, 2011. Summonses were returned unexecuted, however, as to defendants Virgil Hoggard ("Hoggard"), L. M. Gilliam ("Gilliam"), Jane Swain ("Swain"), and Jane Smithwith ("Smithwith").

The Clerk on March 31, 2011, issued a notice to plaintiff informing that service had not been obtained as to Hoggard, Gilliam, Swain, and Smithwith. The Clerk's notice directed plaintiff to demonstrate good cause within fourteen (14) days why such service was not made within the time permitted. On April 8, 2011, plaintiff filed motion styled as "Motion for Extension of Time and Motion Request to Receive Documents From the Court as an Indigent Person." (DE #39). In said motion, plaintiff requests generally an extension of time, which the court construes as a request for an extension of time to achieve service, based on his inability to obtain necessary documents from the court. Separately, plaintiff also requests that the court provide him with certain documents.

DISCUSSION

A.     Failure to Achieve Service; Motion for Extension of Time and to Receive Documents

The court first addresses plaintiff's request for copies of documents. Notably, plaintiff previously filed motion with the court requesting a copy of documents filed in this action, which motion was denied by the court. As previously stated by the court in prior order, the documents plaintiff requests are within the custody of the Clerk of Court's office. Thus, plaintiff must make his requests directly to the clerk's office along with payment, at the rate of fifty cents (.50¢) per page, for copies of the documents he requests. Based on the foregoing, his motion to receive documents from the court is DENIED.

2

The court now turns to plaintiff's request for an extension of time due to his inability to date to acquire necessary documents. Good cause having been shown, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's request for an extension of time is GRANTED. Plaintiff must achieve service as to Hoggard, Gilliam, Swain, and Smithwith within **thirty (30) days** of entry of this order. Failure to achieve service within this time period will result in the dismissal of these defendants.

B.    Matters Bearing on Scheduling and Defendants' Motion for Protective Order

Defendants W. Becker ("Becker"), Jane Dance ("Dance"), John Hudson ("Hudson"), and Renoice E. Stancil ("Stancil") filed answer to complaint on March 22, 2011. In their answer, these defendants asserted qualified immunity as an affirmative defense to plaintiff's claims. Subsequently, following certain discovery requests made by plaintiff, these same defendants filed motion for protective order, asserting entitlement to stay of discovery pending the court's resolution of the qualified immunity issue. Defendants have not, however, filed any motion presenting substantive argument as to the issue of qualified immunity. Accordingly, decision on defendants' motion for protective order is HELD IN ABEYANCE for **thirty (30) days**.

If defendants wish to assert entitlement to a stay of discovery based on the defense raised, the burden rests on the defendants within this period to raise the issue for consideration through form of the appropriate motion, said motion to dismiss presenting substantive argument why the case now should be dismissed on grounds of qualified immunity. If this period elapses with no motion presenting substantive argument in accordance with the Local Civil Rules, defendants' motion for protective order summarily will be denied, and a case schedule suggested providing for, among other things, a deadline for moving to amend the pleadings and for the conduct of discovery.

3

CONCLUSION

For the foregoing reasons, plaintiff's motion to receive documents (DE #39) is DENIED, but plaintiff's motion for extension of time (DE #39) is GRANTED. Plaintiff shall have **thirty (30) days** from date of entry of this order within which to achieve service as to Hoggard, Gilliam, Swain, and Smithwith. Failure to achieve service within this period will result in dismissal of these defendants.

Further, decision on defendants' motion for protective order (DE #40) is HELD IN ABEYANCE for **thirty (30) days**. If defendants seek stay of discovery based on defense of qualified immunity, defendants must within this period present the issue for consideration through form of appropriate motion. Absent receipt of such motion, defendants' motion for protective order summarily will be denied.

SO ORDERED, this the 3rd day of May , 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4