IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3140-FL

| | |
|---|---|
| CHRISTOPHER M. OXENDINE-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BERTIE CORRECTIONAL ) | |
| INSTITUTION; VIRGIL HOGGARD; ) | |
| SERGEANT JANE DANCE; ) | ORDER |
| ASSISTANT UNIT MANAGER W. ) | |
| BECKER; UNIT MANAGER L.M. ) | |
| GILLIAM; NURSE JANE SWAIN; ) | |
| NURSE JANE SMITHWITH; AND ) | |
| SUPERINTENDENT RENOICE E. ) | |
| STANCIL, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on plaintiff's motions to amend his complaint (DE ## 23, 31, 35), "motion asking the court to give him more cl[arifica]tion on what do he need to do exactly on serving the defendant(s)..." (DE # 45), "motion of standard of proof defendant Virgil Wayne Hoggard Decease" (DE # 48), and "motion asking the courts to proceed inside of the case against all said defendant(s) inside of this motion (DE # 49)." Also before the court is the motion for protective order (DE # 40) made by several defendants. The court takes up each of the issues raised for decision, in turn, below.

DISCUSSION

A.   Motions to Amend

Plaintiff has filed three motions to amend the complaint, seeking leave to amend to add additional defendants and further factual allegations. Plaintiff also has filed several miscellaneous filings detailing numerous allegations. Mindful of the more liberal treatment to which pro se pleadings are entitled, see White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989), and with deference to Rule 15 of the Federal Rules of Civil Procedure which mandates that leave to amend "shall be freely given when justice so requires," see Foman v. Davis, 371 U.S. 178, 182 (1962), the plaintiff's amendments are ALLOWED.

Plaintiff's filings in this action are numerous, and it is difficult for the court to determine exactly which claims plaintiff seeks to assert in this action, and who exactly are defendants in this action. Accordingly, the court ALLOWS plaintiff the opportunity to file one amended complaint in order to clarify his claims. The amended complaint must state whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff must briefly describe the specific events which are the basis of this action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted the injury. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). The amended complaint will supplant plaintiff's previous complaint, amended complaint, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced

2

claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Plaintiff is ORDERED to file his amended complaint within **fourteen (14) days** of this order.

B.   Motions as to Issues of Service

Plaintiff also filed a motion informing the court that he is having difficulty obtaining service on defendants Virgil Hoggard ("Hoggard"), M. Gilliam ("Gilliam"), Jane Swain ("Swain"), and Jane Smithwith ("Smithwith") (DE # 45). Alternatively, plaintiff appears to request the court to permit him to proceed against these defendants without obtaining service on them (DE # 49). The court denies plaintiff's request to proceed without serving these defendants. However, plaintiff's response demonstrates good cause as to the failure of service. The United States Marshal's attempt to serve defendants was returned unexecuted. An incarcerated pro se plaintiff, proceeding in forma pauperis is entitled to rely on the Marshal for service of summons and complaint. Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990).

Typically, the plaintiff must provide the necessary information and documentation to effect service. In this case, plaintiff does not appear to have the correct addresses for Hoggard, Gilliam, Swain, and Smithwith. To facilitate this matter on the merits, the North Carolina Attorney General is ORDERED to provide the court with the full name and last known addresses of Hoggard, Gilliam, Swain, or Smithwith. The requested information shall be provided under seal and will be disclosed only to the relevant court personnel, the Marshal, and any of the Marshal's deputies or employees engaged in providing service of process. The addresses shall be provided within **twenty-one (21) days** of the filing of this order. The North Carolina Attorney General shall provide the information

3

under seal, and the court will disclose the information only to anyone engaged in providing service of process.

On a related note, plaintiff has notified the court that he believes Hoggard is deceased, and requests to proceed with this action despite Hoggard's alleged death (DE # 48). The court notifies plaintiff that, if Hoggard is deceased, he must amend his complaint to add Hoggard's personal representative as the defendant in this action. See generally F.R.Civ.P. 4 and 25; Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir. 1985). Also, the Attorney General is DIRECTED to notify the court and plaintiff whether this defendant in fact is deceased. If necessary, the Attorney General shall provide the court with any information it possesses to assist plaintiff in obtaining service on Hoggard's personal representative. Again, the North Carolina Attorney General shall provide the service-related information under seal, and the court will disclose the information only to anyone engaged in providing service of process. Based upon the foregoing, plaintiff's motion to proceed against Hoggard is DENIED.

C. Motion for Protective Order

Regarding the motion for a protective order filed by Defendants W. Becker, Jane Dance, John Hudson, and Renoice E. Stancil, the court first addressed this motion in its May 4, 2011, order. In its prior order, the court noted that defendants sought a stay of discovery pending the court's resolution of the qualified immunity issue. The court stated that defendants, however, had not filed any motion presenting substantive argument as to the issue of qualified immunity. Accordingly, the court held defendants' motion in abeyance for thirty (30) days, and allowed defendants the opportunity to raise the issue for consideration through form of the appropriate motion. The court warned defendants that if the thirty (30) day period passed without the filing of the appropriate

4

motion, their motion for protective order would be summarily denied. The thirty (30) day time period has lapsed without response from defendants. Thus, defendants' motion for a protective order is DENIED.

## CONCLUSION

In summary, plaintiff's motions to amend his complaint (DE # 23, 31, and 35) are GRANTED. Plaintiff must file his amended complaint within fourteen (14) days of this order. The court will conduct a frivolity review of plaintiff's pleading upon receipt of plaintiff's amended complaint. Plaintiff's "motion asking the court to give him cl[arifica]tion on what he need to do exactly on serving the defendant(s) (DE # 45) is GRANTED, and the North Carolina Attorney General is ORDERED to provide the court with the requested information as set out above within twenty-one (21) days of this order. Plaintiff's "motion of standard of proof of defendant Virgil Wayne Hoggard Decease" (DE # 48), his "motion asking the courts to proceed in side of the case against all said defendant(s) inside of this motion (DE # 49)," and defendants' motion for a protective order (DE # 40) are DENIED.

SO ORDERED, this the 10 day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge