IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3140-FL

| | | |
|---|---|---|
| CHRISTOPHER M. OXENDINE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE CORRECTIONAL INSTITUTION; VIRGIL HOGGARD; VICKI LEGGETT; SERGEANT JANE DANCE; ASSISTANT UNIT MANAGER W. BECKER; UNIT MANAGER L.M. GILLIAM; NURSE JANE SWAIN; NURSE JANE SMITHWITH; AND SUPERINTENDENT RENOICE E. STANCIL, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motions to amend his complaint (DE # 68, 70, 77, 78, and 91), motions to compel (DE #s 53, 66, 67, and 69), motions for default judgment (DE #s 64 and 85), motion to appoint counsel (DE # 56), and motion to delete his Federal Tort Claims Act ("FTCA") claim (DE # 75). Also before the court is the motion for extension of time to file an answer (DE # 84), filed by defendant Vicki Leggett, the Executor of the Estate of Virgil Hoggard ("Leggett"). The court takes up each of the issues raised for decision, in turn, below.

A.  Motions to Amend and Motion to Delete Claim

On June 10, 2011, the court allowed plaintiff the opportunity to file one amended complaint in order to clarify his claims. In response, plaintiff filed five amended pleadings and a motion to

delete his claim pursuant to the FTCA. The court finds that these pleadings do not comply with its June 10, 2011, order.

The court allows plaintiff one additional opportunity to comply with its June 10, 2011, order. Plaintiff again is directed to file one amended complaint in order to clarify his claims. Plaintiff must mention briefly the specific events and correlating dates which are the bases for the suit, the constitutional rights violated, the injuries sustained, and which defendant allegedly inflicted each injury. Plaintiff shall provide each defendant with fair notice of the claims asserted against each defendant. The amended complaint must be clearer than the filings already made. If plaintiff files an appropriate amended complaint, the court then will conduct a frivolity review. The court also will review any amended complaint to determine whether severance of any claim is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Plaintiff must file his amended complaint within fourteen (14) days of this order. Plaintiff is warned that if he does not file an amended complaint that complies with Federal Rule of Civil Procedure 8(a) and this order within the time specified, the court will dismiss the action without prejudice. Based upon the foregoing, plaintiff's motions to amend are GRANTED and his motion to delete his FTCA claim is DENIED as moot.

B.  Motions to Compel

Plaintiff filed several motions seeking to compel discovery during the time period of June 6, 2011 through July 11, 2011. On July 14, 2011, defendants filed a motion for extension of time to complete discovery, which the court granted on July 18, 2011. Defendants subsequently responded to plaintiff's discovery requests. Accordingly, the motions to compel filed during the above-stated time period, and based upon defendants' alleged failure to timely respond to plaintiff's discovery requests, are DENIED as moot.

2

On September 2, 2011, plaintiff filed a motion to compel, arguing that defendants objected to all of his discovery requests and that they failed to respond to his attempts to resolve the discovery disputes outside of court. Defendants have not responded to plaintiff's September 2, 2011, motion to compel. Accordingly, the court holds plaintiff's September 2, 2011, motion to compel in abeyance and allows defendants twenty-one (21) days to respond.

C.     Motions for Default Judgment and for Extension of Time to Answer

Plaintiff requests that he be granted an entry of default against defendants Leggett, Unit Manager L.M. Gilliam ("Gilliam"), Nurse Jane Swain ("Swain"), and Nurse Jane Smithwith ("Smithwith") because they failed to timely respond to his complaint. Plaintiff served Swain on July 13, 2011, and Swain moved for an extension of time to file an answer prior to the date her answer was due. The court granted Swain's motion, and allowed her until August 29, 2011, to file her answer. Swain subsequently timely answered. Thus, plaintiff's motion for default judgment as to Swain is DENIED.

Plaintiff served Leggett on July 8, 2011, and her answer was due on July 29, 2011. Fed.R. Civ. P. 12(a)(1)(A). Leggett filed a motion for an extension of time to answer. However, Leggett's motion was filed after the expiration of the time provided to respond to plaintiff's complaint. Leggett's counsel, the North Carolina Attorney General, explains that Leggett's answer was late because she did not request representation in this matter until August 8, 2011. The Attorney General further explains that it needed time to investigate whether it should represent Leggett before filing an answer on her behalf. The court's docket reflects that the Attorney General filed a motion for an extension of time to file an answer on August 8, 2011, and Leggett filed her answer on August 29,

3

2011. For good cause shown, the court GRANTS Leggett's motion for an extension of time to answer and DENIES plaintiff's motion for default judgment as to this defendant.

As for Gilliam and Smithwith, the summons again was returned unexecuted as to these defendants on July 21, 2011. The court has made every effort to aid plaintiff in accomplishing service on Gilliam and Smithwith. On December 22, 2010, the court ordered the United States Marshal to make service on behalf of plaintiff. After, plaintiff's initial attempt at service was unsuccessful, the court ordered the North Carolina Attorney General to provide these defendants' current addresses. The North Carolina Attorney General complied and service was again attempted and returned without perfection of service against these defendants. The court has no other method of ascertaining an address for these defendants. Because plaintiff has been unable to perfect service on Gilliam[1] or Smithwith within the one hundred twenty (120) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's claim against these defendants is DISMISSED without prejudice. See Price v. Sanders, 2009 WL 2157687, 339 F. App'x 339 (July 20, 2009).

D. Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch

---

[1] The United States Attorney General does not have a known address for Gilliam. See (DE # 63.)

4

v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

In summary, the court rules as follows:

(1) Plaintiff's motions to amend (DE # 68, 70, 77, 78, and 91) are GRANTED. Plaintiff must file his amended complaint within fourteen (14) days of this order. Failure to comply with the terms of this court's order will result in dismissal of the action without prejudice.

(2) Plaintiff's motion to delete the FTCA claim (DE # 75) is DENIED as moot.

(3) Plaintiff's motions to compel (DE #s 53, 66, 67, and 69) are DENIED as moot. However, plaintiff's September 2, 2011, motion to compel (DE # 93) is held in abeyance. Defendants are ALLOWED twenty-one (21) days to respond to plaintiff's September 2, 2011, motion to compel.

(4) Plaintiff's motion to appoint counsel (DE # 56) is DENIED.

(5) Plaintiff's motions for default judgment (DE #s 64 and 85) are DENIED. Leggett's motion for an extension of time to file an answer (DE # 84) is GRANTED.

(6) Gilliam and Smithwith are DISMISSED without prejudice from this action pursuant to Rule 4(m).

SO ORDERED, this the 13th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

6