IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3140-FL

| | | |
|---|---|---|
| CHRISTOPHER M. OXENDINE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE CORRECTIONAL INSTITUTION; VIRGIL HOGGARD; SERGEANT BARRY HUDSON;[1] SERGEANT JANE DANCE; ASSISTANT UNIT MANAGER W. BECKER; UNIT MANAGER L.M. GILLIAM; NURSE JANE SWAIN; NURSE JANE SMITHWITH; AND SUPERINTENDENT RENOICE E. STANCIL, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's pleading submitted in response to this court's October 13, 2011, order allowing him the opportunity to file an amended complaint to clarify his claims. The matter also is before the court on plaintiff's motions to compel discovery (DE # 93 and 99), motion for a preliminary injunction and temporary restraining order (DE # 100), and motion for summary judgment (DE # 101). Defendants responded to plaintiff's first motion to compel, but did not respond to his remaining motions. In this posture, the matters are ripe for adjudication.

---

[1] In his initial complaint, plaintiff identified this defendant as John Hudson. Plaintiff's October 27, 2011, order identifies this defendant as Barry Hudson. The court will hereinafter refer to this party as Barry Hudson.

A.   Motion to Compel Discovery

Plaintiff filed his first motion to compel on September 2, 2011.  On October 13, 2011, the court entered an order holding plaintiff's motion to compel in abeyance and permitted defendants the opportunity to respond to plaintiff's motion.  Defendants subsequently filed a response, and plaintiff filed a second motion to compel discovery on December 5, 2011.

Plaintiff's motions assert defendants failed to timely respond to his discovery requests. Plaintiff further asserts that when defendants responded, they objected to his entire discovery request.  Defendants, however, assert that they provided the documents plaintiff requested, except for documents that contained information that pertained to other inmates, were statutorily barred, or were not relevant to plaintiff's claim.[2]  Defendants further informed the court that they would provide plaintiff additional documentation pertinent to plaintiff's claims when they filed their motion for summary judgment.  Finally, defendants state that they are unable to fully respond to plaintiff's discovery requests until after the court conducts its frivolity review of plaintiff's amended complaint, putting them on notice of plaintiff's claims.  Based upon the foregoing, the court finds that defendants have not objected to plaintiff's entire discovery request, as argued by plaintiff. Moreover, because defendants have agreed to provide additional discovery materials when plaintiff's claims are clarified, the court DENIES defendants' motions to compel without prejudice.

B.   Motion for Preliminary Injunction and Temporary Restraining Order

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same.  See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006).  Temporary restraining orders are governed by Rule 65 of the Federal Rules of

---

[2] Defendants attached their response to plaintiff's discovery requests, which included over eighty (80) pages in documents.

Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed.R.Civ.P 65(b)(1). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010).

Here, plaintiff has been transferred from Bertie, the location where his cause of action arose, and now is located at Maury Correctional Institution. Plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

C.  Initial Review of Amended Complaint

Plaintiff, in his original complaint, alleges that prison guards at Bertie failed to protect him from inmate-on-inmate violence in violation of the Eighth Amendment to the Constitution. Plaintiff subsequently filed several motions to amend and to supplement his complaint. On October 13, 2011, the court noted the several amended pleadings submitted by plaintiff and directed him to file one amended complaint to clarify his claims. Plaintiff complied and submitted an amended complaint naming Unit Manager L. M. Gilliam ("Gilliam"), Barry Hudson ("Hudson"), Nurse Jane Swain

("Swain"), Virgil W. Hoggard ("Hoggard"), William J. Becker ("Becker"), Renoice E. Stancil ("Stancil"), Rona Decker Jr. ("Decker"), Tico J. Deloatch ("Deloatch"), James A. Fortier ("Fortier"), Travis L. Rawls ("Rawls"), Danny R. Scott, Jr. ("Scott"), James E. Schwartz ("Schwartz"), Marion L. Dance ("Dance"), Demetrius Clark ("Clark"), Twanna T. Hill ("Hill"), Shandalyn Morris ("Morris"), Richard T. Allen ("Allen"), Stephen p. Hurst ("Hurst"), Nurse Jan Hobbs ("Hobbs"), and Physicians Assistant P. Woglom ("Woglom"). Plaintiff, however, failed to allege any facts to support his claims against Hurst or Woglom. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Because plaintiff has not provided any allegations to support his claims against, Hurst and Woglom the court dismisses plaintiff's claims against these defendants for failure to state a claim.

As for the remaining defendants, plaintiff alleges the following claims in his amended pleading: (1) deliberate indifference to his risk of inmate-on-inmate violence in violation of the Eighth Amendment; (2) deliberate indifference to his serious medical needs in violation of the Eighth Amendment; and (3) excessive force in violation of the Eighth Amendment. The court ALLOWS plaintiff to proceed with his amended complaint.

D.  Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment. At this point in the proceedings, defendants have not yet been served with a copy of the summons and complaint. Accordingly, plaintiff's motion for summary judgment is DENIED as premature.

In summary, plaintiff's motions to compel (DE # 93 and 99) are DENIED without prejudice. Plaintiff's motion for a preliminary injunction and for a temporary restraining order (DE # 100) is DENIED as premature and his motion for summary judgment (DE # 101) is DENIED. Finally, plaintiff is ALLOWED to proceed with this action against Gilliam, Hudson, Swain, Hoggard, Becker, Stancil, Decker, Deloatch, Fortier, Rawls, Scott, Schwartz, Dance, Clark, Hill, Morris, Allen, and Hobbs. Hurst and Woglom are DISMISSED from this action for failure to state a claim. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 1st day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge