IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3140-FL

| | |
|---|---|
| CHRISTOPHER M. OXENDINE-BEY, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )     ORDER<br>) |
| BERTIE CORRECTIONAL INSTITUTION; VIRGIL HOGGARD; SERGEANT BARRY HUDSON;[1] SERGEANT JANE DANCE; ASSISTANT UNIT MANAGER W. BECKER; UNIT MANAGER L.M. GILLIAM; NURSE JANE SWAIN; NURSE JANE SMITHWITH; NURSE JAN HOBBS; RICHARD T. ALLEN; SHANDALYN MORRIS; PHYSICIANS ASSISTANT WOGLOM; TWANNA T. HILL; DEMETRIUS CLARK; JAMES E. SCHWARTZ; DANNY R. SCOTT, JR; TRAVIS L. RAWLS; JAMES A. FORTIER; TICO J. DELOATCH; RONA DECKER, JR.; AND SUPERINTENDENT RENOICE E. STANCIL, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

The matter is before the court upon plaintiff's motion for entry of default (DE # 131), motions to amend (DE #s 132, 134, 135, 136), and motion to compel (DE # 141). Defendants responded to plaintiff's first motion to amend, but not any other motion. In this posture, the issues raised are ripe for adjudication.

---

[1] In his initial complaint, plaintiff identified this defendant as John Hudson. Plaintiff's October 27, 2011, order identifies this defendant as Barry Hudson. The court will hereinafter refer to this party as Barry Hudson.

A.    Motion for Entry of Default

Plaintiff requests that the court direct the Clerk of Court to make an entry of default against defendants Richard T. Allen ("Allen"), Rona Becker, Jr. ("Becker"), Demetrius Clark ("Clark"), Marion L. Dance ("Dance"), Tico J. Deloatch ("Deloatch"), Twanna T. Hill ("Hill"), Shandalyn Morris ("Morris"), Travis L. Rawls ("Rawls"), and James E. Schwartz ("Schwartz") because they failed to timely respond to his complaint.[2] On July 5, 2012, the court granted the aforementioned defendants' request for an extension of time to respond to plaintiff's complaint, and allowed them until August 1, 2012, to respond. Allen, Becker, Clark, Dance, Deloatch, Hill, Morris, Schwartz, and Rawls answered plaintiff's complaint on August 1, 2012. Thus, their answer was timely, and plaintiff's motion for entry of default is DENIED.

B.    Motions to Amend

Plaintiff seeks to amend his complaint to add new defendants Jane Moore ("Moore"), John Norman ("Norman"), Sergeant John Peel ("Peel"), John Green ("Green") and unit manager L.M. Gilliam ("Gilliam"). Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff filed this § 1983 action asserting that defendants failed to protect him from an assault by inmate Littlejohn on January 15, 2010, in violation of the Eighth Amendment to the

---

[2] The court notes that plaintiff requested entry of default against the defendants served on June 13, 2012, which includes Becker, Schwartz, Dance, Clark, Morris, DeLoatch, Rawls, Hill, and Allen. James A. Fortier and Danny R. Scott, Jr. also were served on that date. However, the court subsequently dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) plaintiff's claims against James A. Fortier and Danny R. Scott.

2

United States Constitution. In particular, plaintiff asserts that defendant Officer Hoggard ("Hoggard") simultaneously opened his cell door with Littlejohn's cell door, after plaintiff warned Gilliam that he was at risk of an assault by Littlejohn. Plaintiff subsequently was assaulted by Littlejohn.

Plaintiff now seeks to amend his complaint to add Peel, Norman, Green, Moore, and Gilliam as defendants. In support of his motion to amend, plaintiff asserts that Peel, Norman, Green, and Moore were "running a[] drug operation on the gray unit of Bertie Correctional Institution [] where they [were] selling drugs[] and tobacco products." Pl.'s Decl. p. 2; Pl.'s Resp. p. 3. Plaintiff states that he reported Peel's alleged conduct to Gilliam, and that Gilliam in turn told Peel that he "snitch[ed]" on him." Pl.'s Decl. p. 2. Plaintiff asserts that Peel, Norman, Green, and Moore responded by conspiring with Hoggard to facilitate his assault by Littlejohn in retaliation for reporting the alleged drug and tobacco activity by Peel, Norman, Green, and Moore.

The court begins with plaintiff's request to add Gilliam as a defendant in this action. On October 13, 2011, the court dismissed Gilliam from this action pursuant to Federal Rule of Civil Procedure 4(m) because plaintiff failed to obtain service on him within one hundred twenty (120) days. Plaintiff has not provided any evidence that he now could obtain service on this defendant. Thus, the court finds that allowing plaintiff to amend his complaint to include Gilliam as a defendant is futile.

The court now turns to plaintiff's request to include Peel, Norman, Green, and Moore as defendants. Defendants argue that plaintiff's request to include Peel, Norman, Green, and Moore as defendants in this action also is futile because plaintiff has not alleged how these defendants personally participated in the January 15, 2010, incident. However, based upon the above-stated

3

facts, the court finds that plaintiff has alleged facts sufficient to state an Eighth Amendment claim against Peel, Norman, Green, and Moore. Moreover, plaintiff filed his motion to amend prior to the deadline for submitting amended pleadings set forth in the court's August 6, 2012, case management order. For these reasons, the court ALLOWS plaintiff to amend his complaint to include Peel, Norman, Green, and Moore as defendants in this action.

C.     Motion to Compel

Plaintiff filed a motion to compel discovery. Plaintiff's motion fails to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which states that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c), EDNC. Additionally, the court notes that the court issued a case management order allowing discovery in this action through November 13, 2012. Accordingly, plaintiff's motion to compel is DENIED.

## CONCLUSION

In summary, plaintiff's motion for entry of default (DE # 131) and motion to compel (DE # 141) are DENIED. Plaintiff's motions to amend (DE #s 132, 134, 135, 136) are GRANTED in part and DENIED in part. Plaintiff's motions are DENIED as to his request to include Gilliam

4

as a defendant in this action, but are otherwise GRANTED. The Clerk of Court is DIRECTED to add Peel, Norman, Green, and Moore as defendants in this action.

SO ORDERED, this the 30th day of October, 2012.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

5