IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3140-FL

| | |
|---|---|
| CHRISTOPHER M. OXENDINE-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BERTIE CORRECTIONAL INSTITUTION, ) | |
| VIRGIL HOGGARD, SERGEANT BARRY ) | |
| HUDSON, SERGEANT JANE DANCE, ) | |
| ASSISTANT UNIT MANAGER W. BECKER, ) | |
| UNIT MANAGER L.M. GILLIAM, NURSE ) | |
| JANE SWAIN, NURSE JANE SMITHWITH, ) | |
| NURSE JAN HOBBS, RICHARD T. ALLEN, ) | |
| SHANDALYN MORRIS, PHYSICIANS ) | |
| ASSISTANT WOGLOM, TWANNA T. HILL, ) | |
| DEMETRIUS CLARK, JAMES E. SCHWARTZ, ) | |
| DANNY R. SCOTT, JR, TRAVIS L. RAWLS, ) | |
| JAMES A. FORTIER, TICO J. DELOATCH; ) | |
| RONA DECKER, JR.; SUPERINTENDENT ) | |
| RENOICE E. STANCIL, SHAWN NORMAN, and ) | |
| MICHAEL RALPH PEELE, SR., ) | |
| ) | |
| Defendants. ) | |

The matter is before the court upon plaintiff's motion for reconsideration (DE 173), motions to compel (DE 181, 182, 190), motions for entry of default (DE 184, 185, 186), and motion to amend (DE 189). Defendants did not respond to plaintiff's motions. Also before the court is the motion for summary judgment (DE 158) filed by defendants T. Allen, W. Becker, William J. Becker, Demetrius Clark, Jane Dance, Marion L. Dance, Tico J. Deloatch, Twanna T. Hill, Virgil Hoggard, John Hudson, Shandalyn Morris, Travis L. Rawls, James E. Schwartz, Renoice E. Stancil, and Jane Swain (collectively the "defendants"), as well as the respective motions to dismiss filed by

defendants Shawn Norman ("Norman") (DE 178) and Michael Peele ("Peele") (DE 195). In this posture, the issues raised are ripe for adjudication.

A.      Motion to Amend

The court first addresses plaintiff's motion to amend. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Here, defendants have not responded to plaintiff's motion. As a result, defendants have not shown prejudice. For good cause shown, plaintiff's motion to amend is GRANTED. Because the court granted plaintiff's motion to amend, the pending motions to dismiss filed by Peele and Norman are DENIED as MOOT.

B.      Motion to Reconsider and Motions to Compel

Plaintiff, in his motion for reconsideration, requests that the court reconsider its May 31, 2013, order denying his January 2, 1013, motion to compel defendants to respond to his discovery requests. Upon further examination of plaintiff's January 2, 2013, motion, the court notes that plaintiff also requested a continuance to conduct additional discovery prior to responding to the pending motion for summary judgment, which this court has not yet considered.

The court begins with plaintiff's motion to reconsider the court's ruling on his January 2, 2013, motion to compel. The court, in its May 31, 2013, order, ruled that defendants did not have to respond to plaintiff's discovery requests because they raised the affirmative defense of qualified immunity. However, although a defendant asserting the affirmative defense of qualified immunity

2

is entitled to a resolution of the defense prior to engaging in discovery, Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), a plaintiff still may engage in discovery where he seeks discoverable evidence which could confirm or dispel the allegations in his complaint. McMillian v. Wake County, 399 F. App'x 824, 828-29 (4th Cir. Oct. 28, 2010); Duffie v. Edwards, 67 F.3d 294, at *1 (4th Cir. Sept. 13, 1995).

Here, plaintiff states that he repeatedly requested information pertaining to defendants' disciplinary records and to his complete medical records for the time period of January 10, 2010 through the present. Plaintiff states that this evidence is essential to his opposition to the pending motion for summary judgment. The court agrees with plaintiff. Accordingly, the court GRANTS plaintiff's motion for reconsideration of its May 31, 2013, order denying plaintiff's motion to compel.

Given the fact that discovery has been stayed, defendants have not had an adequate opportunity to respond to plaintiff's discovery requests. Accordingly, plaintiff is DIRECTED to make his discovery requests directly to defendants. In the event that defendants fail to respond to plaintiff's discovery requests, plaintiff is directed to immediately file a motion to compel. Accordingly, plaintiff's pending motions to compel are DENIED as premature.

The court now turns to plaintiff's January 2, 2013, request for a continuance of the court's ruling on the pending motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)).[1] "As a general rule, summary judgment is appropriate only after

---

[1] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f). See Fed.R.Civ.P. 56, advisory committee's note ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted).

In this case, as discussed supra, plaintiff has identified facts which are potentially essential to justify his opposition to the pending motion for summary judgment. Accordingly, the court holds the pending motion for summary judgment in abeyance to allow plaintiff the opportunity to conduct discovery. The parties may supplement their briefs in support or opposition of the pending motion for summary judgment by the deadline set forth in the case management order below.

C.   Motions for Entry of Default and for Default Judgment

Plaintiff requests that he be granted an entry of default and default judgment against defendant Norman. Summons was returned executed as to Norman on June 28, 2013, and his response to plaintiff's complaint was due by July 19, 2013. Norman filed a motion to dismiss on July 15, 2013. Thus, Norman timely responded to plaintiff's complaint, and plaintiff's motion for entry of default and motion for default judgment are DENIED.

D.   Case Management Order

The court enters the following case management order with the following deadlines:

1.   All discovery shall be commenced or served in time to be completed by December 2, 2013.

4

2. All motions shall be filed in compliance with Local Civil Rule 7.1.[2]

3. All motions, including dispositive ones, as well as supplementation to the now pending dispositive motion shall be filed by January 2, 2014.[3]

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

For the foregoing reasons the court rules as follows:

(1) Plaintiff's motion to amend (DE 189) is GRANTED.

(2) Defendants' motion for summary judgment (DE 158) is HELD in ABEYANCE.

(3) Norman's motion to dismiss (DE 178) is DENIED as MOOT.

(4) Plaintiff's motion for reconsideration (DE 173) is GRANTED.

(5) Plaintiff's motions to compel (DE 181, 182, 190) are DENIED as premature.

---

[2] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

[3] The court has reviewed plaintiff's allegations and informs the parties that motions to dismiss in this case are discouraged. Rather, the parties are encouraged to address plaintiff's claims on the merits.

(6) Plaintiff's motions for entry of default and for default judgment (DE 184, 185, 186) are DENIED.

(7) Peele's motion to dismiss (DE 195) is DENIED as MOOT.

(8) Upon information from the parties, the Clerk of Court is DIRECTED to substitute Shawn Norman as the name for the party identified by plaintiff as John Norman and Michael Ralph Peele, Sr., for the party identified by plaintiff as John Peel.

SO ORDERED, this the 5th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge